**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 96-60583
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

JOHNNY N. MYLES,

Defendant-Appellant.

Appeal from the United States District Court
For the Southern District of Mississippi
(95-CR-99-1)

March 19, 1997

Before WISDOM, KING, and SMITH, Circuit Judges.

PER CURIAM:[*]

Johnny Myles was convicted by a jury on counts two and four of an indictment charging him with possession with intent to distribute cocaine. At trial, the district court overruled Myles's motion in limine requesting exclusion of evidence of a previous conviction for conspiracy to sell cocaine and permitted the government to cross-examine Myles regarding the prior conviction. Myles asserts that the district court erred in admitting this

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

evidence because it is more prejudicial than probative under Federal Rule of Evidence 609.

A district court must make an on-the-record finding that the probative value of a prior conviction outweighs its prejudicial effect before admitting the conviction under Rule 609(a)(1). United States v. Preston, 608 F.2d 626, 639 (5th Cir.), cert. denied, 446 U.S. 940 (1980). Such on the record findings are mandatory. United States v. Acosta, 763 F.2d 671, 695 (5th Cir.), cert. denied, 474 U.S. 863 (1985). As the district court did not fulfill this requirement, the case must be remanded.

As we noted in Preston, however, the failure of the district court to make specific findings does not require reversal of Myles's conviction. Rather, we remand the case for an appropriate determination under Rule 609, to be conducted on the record. If the court finds that the probative value of the prior conviction outweighed its prejudicial effect, the conviction will stand subject to Myles's right to raise on appeal whether the district court abused its discretion in admitting the evidence. If, however, the court finds that the prejudicial effect of the prior conviction outweighs its probative value, the court must examine whether there is any reasonable possibility that the admission of the conviction affected the outcome of the case. Preston, 608 F.2d at 639-640. If the prior conviction did not affect the outcome of the case, the conviction will stand; again, subject to Myles's further appeal. If the district court finds that the admission of the prior conviction affected the outcome of the case, Myles must be afforded a new trial.

REMANDED.